## REYNOLDS ET AL. vs. THE HEIRS AND ADM'RS OF MARDIS.

1. Where partners agree to invest equal amounts of money in their common business, and one advances a larger sum than the other, he is entitled upon settlement to an allowance of interest on one half the excess so advanced by him from the date of its appropriation to the use of the firm.

Error to the Chancery Court of Talladega. Tried before the Hon. David G. Ligon.

RICE & MORGAN, for plaintiffs.

WHITE & PARSONS, for defendants:

The remedy of plaintiff in error is by action at law for the failure of Mardis to invest as much in the partnership as he (Reynolds) did, as it is alleged by Reynolds that this was one of the stipulations of the contract of partnership—that each partner should invest an equal amount.—Boyd v. Mynatt, 4 Ala. Rep. 79; Story on Part. 327. If the complainant was not entitled to the sum granted and interest thereon from the time indicated in the decree of the chancellor, he is certainly not entitled to that sum with longer interest.

There was no neglect or refusal on the part of Mardis' representatives, or culpable omission to pay, and in such case interest is not chargeable, unless by the terms of the contract interest was to be paid.—Hubbard v. Charlestown R. R. Co., 11 Met. 124; Colgin v. Cummin, 1 Por. 156; T. & J. Kirkman v. Vanlier, 7 Ala. 229-30.

Interest on an unliquidated account ought not to be allowed. Consequa v. Fanning, 3 Johns. Ch. Rep. 587; McConico v. Curgen, 2 Call, 301; Waggoner v. Gray, 2 H. & M. 603; Knight v. Mitchell, 3 Brevard, 506; Shoolbread v. Elliott, 1 ib. 423. Nor should interest be allowed upon mutual accounts when the balance was continually changing, and there was no stipulated period of credit.—Raymond v. Adm'r of Isham, 8 Ver. 258.

A partner is not liable to pay interest on partnership accounts before settlement and balance struck.—Dexter v. Arnold, 3 Mason, 284; Smith v. Barrow, 2 Term Rep. 476.

No interest can be allowed in a deeree for either past or future time, upon a bill for an account before unliquidated.—Neal v. Keel, 4 Munro, 164, cited 1 Am. Eq. Dig. 641, § 37.

DARGAN, C. J.—This is a cause to which there are many parties, and the facts numerous and complicated; yet there is but one question presented to this court, and that involves the rights of Walker Reynolds and the representatives of Samuel W. Mardis alone. We shall therefore state those facts only which give rise to the question. Walker Reynolds and Samuel W. Mardis entered into an agreement which made them partners, for the purpose of buying and selling Indian lands situated in the Coosa and Tallapoosa Land District. Each partner was to furnish an equal amount of capital, and after the purchases were made and the land sold, the nett profits, after refunding the capital, were to be equally divided between them. Mardis was to make purchases from the Indians, either by himself or through others. Under this agreement, Reynolds advanced a considerable amount of money to Mardis, who purchased a number of tracts of land. Before these lands were sold, Mardis died, and the object of the cross bill filed by Reynolds against his heirs and representatives is to ascertain the lands purchased, to have them sold, and the accounts of the partnership settled.

It became necessary to ascertain how much money each partner had advanced in the purchase of the lands, and a reference was made to the register of the court for this purpose, who in the year 1844 reported that there had been invested in the purchase of lands $13,425 55; that of this sum Reynolds had advanced $7,563 68, and Mardis the sum of $5,861 87 1-2, and consequently that Reynolds had advanced $1,701 80 1-2 more than Mardis. Reynolds claimed that interest should be allowed him in the settlement upon the sum which had been advanced by him over and above his proportionate share according to the terms of the agreement. In 1846, Chancellor Ligon ordered a reference to the register, to ascertain the interest on this sum, directing him to compute interest from the date of his report ascertaining the amount that Reynolds had advanced more than had been advanced by Mardis. It does not appear that the register ever acted on this reference, but in 1847 Chancellor Mason renewed the order of reference, directing the register to calculate interest on this sum from the date of the last investment made by Mardis in the purchase of land under the agreement. The register reported accordingly, and calculated interest from the 1st of October 1836, having ascertained that this was the date of the last investment made by Mardis in the purchase of lands under the contract. The report, however, was made to the next succeeding term of the court. To this report the representatives of Mardis excepted, on the ground that Reynolds was entitled to interest on this item only from the date of the report of the register in 1844, ascertaining the amount that Reynolds had advanced on the purchase of the land over and above his proportionate share according to the agreement.— Chancellor Ligon, before whom the exceptions were made, sustained them, and set aside the report so far as relates to this item, and directed the register to ascertain the amount due Reynolds, computing interest from the date of his report in 1844. The register reported accordingly, calculating interest at eight per cent. on half this item from the date of his report in 1844. To this report Reynolds excepted, but his exception was overruled, and the report of the register was confirmed.

The only question to be examined is, from what time shall interest be allowed to Reynolds, and whether the representatives of Mardis shall be charged with the whole interest, or whether

the firm of Reynolds & Mardis should be charged with the interest, which would reduce the amount of interest that the representatives of Mardis would pay to Reynolds one half.

In the case of Lewis v. Bradford, 8 Ala. 632, it is said, that where one receives interest from the money of another, or derives an advantage from its use, he must pay interest to the owner. The same principle is asserted in Kirkman v. Vanlier, 7 Ala. 230; Lamb v. Lamb, 11 Pick. 374; 9 Johns. 71; Slaughton v. Lynch, 1 Johns. Ch. 466. By this rule, which is well settled, the owner of the money is entitled to interest from the time the money was used or appropriated; then it began to bear interest in favor of the party using it, or to be productive of advantage to him, and from that time should he pay interest to him to whom the money belonged. The contract between the parties was that each partner should advance an equal amount of money in the purchase of land; it did not contemplate that lands should be purchased exclusively with the money of one, in the profits of which the other was to participate. The report of the register, however, shows that Mardis invested in the purchase of the lands seventeen hundred and one dollars eighty and a half cents of the money of Reynolds more than he did of his own. In the lands thus purchased with this sum he had a joint interest with Reynolds, and so derived advantage from the use of his money. He must therefore pay interest from the time the money was used by him in making the purchase, and we think that the date of the last investment made by Mardis on account of himself and Reynolds is the correct point of time from which the representatives of Mardis should be charged with interest. The chancellor therefore erred in directing interest to be computed from the date of the register's report in 1844. But it is very clear that the representatives of Mardis should not be charged with the whole interest; the lands purchased with the money were the joint property of Mardis and Reynolds, and as partnership property have been sold. Both Reynolds and Mardis have participated in the profits, and both, therefore, should be charged with interest. It is but the common case of a firm using the money of an individual member of it; in such a case the firm is the debtor to the member for both principal and interest, and upon a settlement, each member of the firm must bear his proportion of the interest as well as of

the principal. Had the money been borrowed by Reynolds and Mardis of a third person, of course the firm would be accountable for the interest. That the money used by the firm belonged to one of its members can make no difference. The representatives of Mardis should therefore be charged with one half the interest accruing on this sum of seventeen hundred and one dollars eighty and a half cents—not with the whole. To charge the representatives of Mardis with the entire interest would be to charge one member of a firm with the payment of all the interest accruing on money used on account of the partnership, and in the profits of which all the members participated.

The decree, therefore, must be reversed so far as relates to this item, but it is in all other respects affirmed, and the cause is remanded for further proceedings.